FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

APR 30 2007

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE WESLEY BROWN,<br>Plaintiff,<br><br>v.<br><br>APPEALS COURT OF GEORGIA; et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>1:07-CV-0334-TWT<br><br><br><br>CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, Willie Wesley Brown, presently confined at the Calhoun State Prison in Morgan, Georgia, has been granted leave to proceed in forma pauperis in the instant pro se civil rights action. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination. This matter is also before the Court on Plaintiff's "Motion to Proceed" [Doc.5].

## 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for

failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id.

Plaintiff has filed this civil rights action against the following Defendants: (1) the Georgia Court of Appeals; (2) the Richmond County Superior Court; and (3) Elaine C. Johnson, the Richmond County Superior Court Clerk. Plaintiff alleges the following facts:

(1) on June 29, 2005, Peter D. Johnson was appointed to represent Petitioner in his direct appeal from his state criminal proceeding;

(2) because appointed counsel provided "no tangible work product or made any effort to advance Plaintiff's defense," Plaintiff filed a notice of dismissal of counsel on August 9, 2006, in the Richmond County Superior Court;

(3) on August 24, 2006, the trial clerk (presumably Defendant Johnson) transmitted the record to the Georgia Court of Appeals, which indicated that appointed counsel had remained the attorney of record;

(4) Plaintiff's various submissions of pro se pleadings to the trial and appellate courts were rejected because his appointed counsel improperly remained the attorney of record; and

(5) the Georgia Court of Appeals continued to process Plaintiff's direct appeal with the "dismissed counsel."

[Doc. 1 at 3-4]. Plaintiff claims that he has been denied proper access to the courts. Plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff's access-to-courts claim arises from both the Due Process Clause and the First Amendment. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995); Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983). To state such a claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." Lewis v. Casey, 518 U.S. 343, 356 (1996) (citing Bounds, 430 U.S. at 828).

Allegations of actual prejudice or harm is a "constitutional prerequisite" for stating an access-to-courts claim. Lewis, 518 U.S. at 351; see also Chandler v. Baird, 926 F.2d 1057, 1063 (11th Cir. 1991) ("both policy and the prevailing state of the law require an inmate to articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action"). Without a showing that the lack of access frustrated efforts to pursue a nonfrivolous legal claim, an inmate has no



AO 72A
(Rev.8/82)

standing to challenge the policy or practice in question. Lewis, 518 U.S. at 352-54; Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir. 1998).

Further, the right of access to the courts does not extend to any and all legal claims, only those relating to the fact or condition of a prisoner's confinement. Lewis, 518 U.S. at 355; see also Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (holding that prisoners must show "actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement"). Thus, to establish an access-to-courts claim, a plaintiff must show that his efforts to proceed with a legal claim in a criminal appeal, post-conviction matter or civil rights action were hindered. Wilson, 163 F.3d at 1291.

In the instant case, Plaintiff complains that judicial officials at both the trial and appellate courts failed to consider and recognize his notice of dismissal of his appointed counsel and then refused to docket or otherwise consider his pro se pleadings on direct appeal. Because Plaintiff's allegations indicate that his efforts to proceed pro se on direct appeal have been hindered, this Court cannot find that his access-to-courts claim is clearly baseless or indisputably without merit. Carroll, 984 F.2d at 393; see also Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981) (recognizing that extraordinary circumstances may exist where a state court official's "refusal to

docket a pro se motion could deprive a defendant of an opportunity to present an issue to the court").

**Conclusion**

In light of the facts presented by Plaintiff, and in deference to his pro se status, the Court cannot find that the Plaintiff's access-to-courts claim is frivolous pursuant to § 1915A. **IT IS THEREFORE ORDERED** that this claim is allowed to **PROCEED** like any other civil action.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Proceed" [Doc. 5] is **GRANTED** to the extent that Plaintiff requests this Court to issue service of process and summons on each Defendant. Accordingly, the Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form, summons, and initial disclosures form for Defendant(s). Plaintiff is **DIRECTED** to complete a USM 285 form, summons, and initial disclosures form for each Defendant named in the amended complaint, and to return them to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include



AO 72A
(Rev.8/82)

two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant(s) for return of the waiver form, one (1) copy of the amended complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for Defendant(s).

Upon completion of a service waiver package for each Defendant, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to Defendant(s). Each Defendant has a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant(s) does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant(s). The service package must include the USM 285 form, the summons, and one (1) copy of the amended complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to

personally serve Defendant(s). The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve Defendant(s) or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant(s) or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant(s) advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this 30 day of april, 2007.

Thomas W. Thrash

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE